IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAKE SCARBROUGH                                          PLAINTIFF

VS.                                            CIVIL ACTION NO. 1:22-cv-193-FKB

KILOLO KIJAKAZA,
COMMISSIONER OF SOCIAL
SECURITY                                        DEFENDANT

**OPINION AND ORDER**

Jake Scarbrough filed a claim for supplemental security income on June 15, 2020. After his application was denied initially and upon reconsideration, he requested and was granted a hearing before an administrative law judge (ALJ). The ALJ held a telephone hearing on March 25, 2021, and on November 23, 2021, he issued a decision finding that Scarbrough is not disabled. The Appeals Council denied review. Scarbrough now brings this appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was born on March 17, 1989, and was 32 years of age at the time of the ALJ's decision. He has a GED and past relevant work experience as a stocker. He alleges disability based upon anxiety, depression, and personality disorder.

The ALJ evaluated Scarbrough's claim using the familiar sequential evaluation process for determining disability.[1] At step two, he found that Plaintiff has the severe

---

[1] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

impairments of mood disorder, depression, anxiety, and personality disorder.  R. 16.  He analyzed Plaintiff's impairment pursuant to the "paragraph B" and "paragraph C" criteria and concluded at the third step that none of Plaintiff's disorders reaches listing-level severity.  R. 16-17.  The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform the full range of light work with the following limitations:  He can perform only simple, routine tasks in a work environment free of fast-paced production requirements and involving only simple, work-related decisions, with few, if any workplace changes; he can have no interaction with the public and only occasional interaction with coworkers; and he can perform no tandem tasks.  R. 17.  At step four, the ALJ found that Plaintiff cannot perform his past relevant work.  R. 24.  At step five, the ALJ determined, based upon the testimony of a vocational expert (VE), that Plaintiff can perform the jobs of press machine operator and nailing machine operator.  R. 25.  He therefore found that Plaintiff is not disabled.  *Id.*

---

(1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

(2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

(3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

(4) whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520; 416.920.  The analysis ends at the point at which a finding of disability or non-disability is required.  The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In support of his appeal, Scarbrough argues that the ALJ's decision is not supported by substantial evidence because the ALJ never presented a hypothetical question to the vocational expert that encompassed all the limitations as found by the ALJ.

At the hearing, the ALJ posed three hypotheticals to the VE. In the first, the ALJ described an individual of Plaintiff's age, education, and work experience who could perform light work with the following limitations: He would be limited to simple, routine, repetitive tasks in an environment free of fast-paced production requirements and involving only simple, work-related decisions with few, if any workplace changes; and he would have no interaction with the public and only occasional interaction with coworkers. R. 74. The VE responded that such a person could not perform Plaintiff's past work but could perform the jobs of press machine operator and nailing machine operator. R. 74-75. The second hypothetical described a person who would be off task twenty percent of the day, to which the VE responded that there would be no work for such a person. R. 75. The ALJ then posed a third hypothetical, in which described the same individual as described in the first hypothetical, except that he could have no interaction with coworkers and perform no tandem tasks. R. 75. The ALJ then asked the VE whether these limitations would allow for the jobs identified in response to the first hypothetical. *Id.* The VE responded as follows:

> Those jobs are primarily performed alone, but said that there's no interaction with coworkers, I – I think they would eliminate those jobs.

R. 75. The VE went on to say that there would be no other jobs available for a person as described in the third hypothetical. *Id.*

3

When an ALJ finds that a claimant has non-exertional impairments that preclude him from doing the full range of work at a given exertional level, the ALJ may not rely upon the grids to determine whether the claimant is disabled but must instead rely upon testimony from a vocational expert to support a finding regarding the ability to perform alternative work.  *See Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000).  To support a determination of non-disability, that testimony must be in response to a hypothetical that reasonably incorporates all disabilities recognized by the ALJ.  *Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001).

In his decision, the ALJ appears to have relied upon the VE's answer to the first hypothetical, as he found that Scarbrough could perform the jobs identified by the VE in response to that hypothetical.  However, the RFC found by the ALJ included Plaintiff's inability to perform tandem tasks, a limitation not included in the first hypothetical.  Thus, the testimony relied upon by the ALJ was elicited by a defective hypothetical.  Furthermore, the defect was not cured by the VE's answer to the third hypothetical, as it is unclear what the VE was saying with regard to a limitation of no tandem tasks. While his statement that "[t]hose jobs are primarily performed alone" suggests that he may have meant that the jobs he identified would require no tandem tasks, his use of the word "primarily" renders his answer ambiguous on this point.  Thus, the Court cannot say unequivocally that the VE's testimony provides substantial evidence for the ALJ's decision.

For this reason, the decision of the Commissioner is reversed, and this matter is remanded in order for the ALJ to pose to the VE a hypothetical that reasonably incorporates all of Plaintiff's limitations.

So ordered and adjudged, this the 28th day of August, 2023.

s/ F. Keith Ball<br>
United States Magistrate Judge